IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LOCAL 705 INTERNATIONAL BROTHERHOOD OF TEAMSTERS PENSION FUND, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| vs. | ) ) ) | JUDGE |
| CORTESE MOTOR SERVICE CO., an Illinois corporation, | ) ) ) | |
| Defendant. | ) | |

## <u>C O M P L A I N T</u>

Plaintiff, Local 705 International Brotherhood of Teamsters Pension Fund ("Plaintiff" or "Pension Fund"), by and through its attorneys, complain against Defendant, Cortese Motor Service Co., an Illinois corporation, and allege as follows:

1. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145, and 1451 (hereinafter referred to as "ERISA"). Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

2. The Pension Fund is a joint labor-management trust fund established consistent with 29 U.S.C. §186(c) and is a "pension plan" within the meaning of ERISA, 29 U.S.C. § 1002(2).

3. The Pension Fund is administered within this District and Division, at 1645 W. Jackson Boulevard, Chicago, Illinois, making venue appropriate in this Court under ERISA, 29 U.S.C. §§ 1132(e), 1451(d).

4. Defendant, Cortese Motor Service Co. ("Defendant" or "Cortese"), is an Illinois corporation, currently not in good standing with the Illinois Secretary of State. Defendant has a registered agent in Illinois and its principal office is located within this District and Division at 15 Sugar Maple Court, Lake in the Hills, Illinois.

5. At all relevant times prior to June 26, 2015, Cortese was bound to a collective bargaining agreement with Local 705 of the International Brotherhood of Teamsters ("Local 705"), which obligated it to report and pay contributions to the Pension Fund on behalf of employees performing work covered by the collective bargaining agreement.

6. On or about June 26, 2015, Cortese ceased all operations covered by its collective bargaining agreement with Local 705, and/or otherwise ceased to have an obligation to report and pay contributions to the Pension Fund.

7. The cessation of Cortese's covered operations and/or obligation to report and pay contributions to the Pension Fund resulted in a "complete withdrawal," as defined in ERISA, 29 U.S.C. § 1383(a).

8. As a result of this complete withdrawal, Cortese, and any businesses under common control, as defined in 29 U.S.C. § 1301(b)(1); 29 CFR 4001.3; 26 CFR 1.414(c)-1, *et seq.*, incurred withdrawal liability to the Pension Fund.

9. The Pension Fund sent its preliminary notice and demand for payment of withdrawal liability in the amount of $281,447.14, based on actuarial data available as of December 31, 2013, and advised that a final notice and demand would be sent once the Fund obtained actuarial data as of December 31, 2014, consistent with the requirements of 29 U.S.C. § 1381(b).

10. The June 29, 2015, notice and demand gave Cortese the option to pay the withdrawal liability in a lump sum, or to pay the withdrawal liability in monthly installments, with the first payment due on or before August 29, 2015, and subsequent monthly payments due by the second day of each month thereafter. The notice further advised Cortese that it could request review of the assessed withdrawal liability in writing within 90 days of the notice. A true and correct copy of the notice is attached hereto as Exhibit A.

11. Cortese, through its attorney, requested review by letter dated September 19, 2015, a true and correct copy of which is attached hereto as Exhibit B. Cortese's request for review, *inter alia*, requested that the Pension Fund recalculate the withdrawal liability after the December 31, 2014, actuarial data became available.

12. By letter dated October 23, 2015, the Pension Fund, through its attorney, sent a notice and demand for payment of withdrawal liability to Cortese's attorney, recalculated based on actuarial data as of December 31, 2014. The notice and demand stated the revised assessed withdrawal liability as $179,279.73. The October 23, 2015, notice and demand gave Cortese the option to pay the withdrawal liability in a lump sum, or to pay the withdrawal liability in monthly installments, with the first payment due on or before December 23, 2015, and subsequent monthly payments due by the twenty-third day of each month thereafter. The notice further advised Cortese that it could request review of the assessed withdrawal liability in writing within 90 days of the notice. A true and correct copy of the notice is attached hereto as Exhibit C.

13. Having received no payment from Cortese, the Pension Fund, through its attorney, sent a letter to Cortese's attorney, dated December 29, 2015, stating that Cortese was delinquent in

payment of the withdrawal liability, and advising of the consequences of not curing the delinquency within 60 days. A true and correct copy of the 60-day cure notice is attached hereto as Exhibit D.

14. Cortese has not requested review from the revised notice and demand for payment of withdrawal liability dated October 23, 2015, nor has it initiated arbitration in relation to its September 19, 2015, request for review.

15. Cortese has not made any payments to the Pension Fund towards the assessed withdrawal liability, making it in default under 29 U.S.C. § 1399(c)(5).

16. ERISA provides that in the event of a default in the payment of withdrawal liability, the plan can demand immediate payment of the balance of the assessed withdrawal liability, and is further entitled to recover interest from the due date of the first untimely payment, liquidated damages, court costs and attorneys' fees. 29 U.S.C. § 1399(c)(5); 1451(b); 1145; 1132(g)(2).

WHEREFORE, Plaintiff Prays:

A. That judgment be entered against Cortese and any businesses under common control, awarding Plaintiff:

1. The total assessed withdrawal liability of $179,279.73;

2. Interest on the assessed withdrawal liability, calculated at 8% per year from December 24, 2015, forward;

3. Liquidated damages calculated at 20% of the assessed withdrawal liability; and

4. Plaintiff's reasonable court costs and attorneys' fees incurred in its efforts to collect the withdrawal liability.

  B.  That Plaintiff have such further relief as may be deemed just and equitable by the Court, all at Defendant's cost.

              /s/ Patrick N. Ryan

Catherine M. Chapman
Patrick N. Ryan
Attorneys for the Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL   60606-5231
Bar No.: 6278364
Telephone:  (312) 216-2573
Facsimile: (312) 236-0241
E-Mail: pryan@baumsigman.com
I:\705p\Cortese Motor\complaint.pnr.df.wpd